IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

THERESA BROOKE, a married woman )
dealing with her sole and separate claim, )
)
                           Plaintiff, )
)
    vs. )
)
WARWICK DENVER CORP., a Delaware )
corporation, d/b/a Warwick Denver, )    No. 2:17-cv-2114-HRH
)
                           Defendant. )
)

O R D E R

Motion for Default Judgment[1]

Plaintiff moves for the entry of default judgment against the defendant. Defendant has not appeared personally or through a representative. Fed. R. Civ. P. 55(b)(2). The motion is unopposed.

Plaintiff's complaint, based upon Title III of the Americas with Disabilities Act (ADA"), 42 U.S.C. §§ 12101, et seq., and implementing regulations in 28 C.F.R. pt. 36, alleges that plaintiff is disabled and that her disability gives rise to the need for an ADA-accessible hotel room. Plaintiff alleges that she endeavored to book a hotel room at defendant's hotel but was unable to do so because defendant's online reservation system does not allow reservations of ADA-accessible rooms in the same manner and during the same hours as patrons can reserve non-ADA-accessible rooms. Plaintiff alleges that this is

---

[1]Docket No. 18.

a violation of 28 C.F.R. § 36.302(e)(1)(i).  Plaintiff seeks a declaratory judgment, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and  28 C.F.R. § 36.504(a), an award of costs, and an award of attorney fees.

Defendant was duly served with plaintiff's summons and complaint.[2]  Defendant has not answered and, upon application, its default was entered by the clerk of court.[3]

Plaintiff now moves for default judgment.  There is no reason to believe that defendant is an infant or incompetent person or that it is entitled to special consideration as a service member.

The court is satisfied that plaintiff has standing to bring an ADA claim.  By failing to answer plaintiff's complaint, defendant has admitted that plaintiff is disabled, that its hotel website has a nexus to a physical place of public accommodation, and that its website poses a barrier denying plaintiff access to defendant's public accommodation.  In light of the court's experience with other similar litigation involving hotels, the court has no doubt that defendant's website can be modified so as to afford disabled persons such as plaintiff equal access to reserving rooms.  The court declares that defendant has violated the ADA in that its website fails to afford disabled persons the same access to defendant's online reservation system as it affords to those who are not disabled.

Although plaintiff did not expressly request nominal damages in her complaint, she did request "whatever other relief the [c]ourt deems just, equitable, and appropriate."[4] "That is sufficient to permit the plaintiff to pursue nominal damages."  Yniguez v. State, 975 F.2d 646, 647 n.1 (9th Cir. 1992).  The question here is whether nominal damages are

---

[2]Docket No. 7.

[3]Docket No. 17.

[4]Verified Complaint at 7, Docket No. 1.

available in a Title III ADA case. The only remedy under Title III of the ADA is equitable relief; damages are not available. 42 U.S.C. § 2000a-3. However, in Bayer v. Neiman Marcus Group, Inc., 861 F.3d 853, 874 (9th Cir. 2017), the Ninth Circuit held that "§ 12203 [of the ADA[5]] authorizes courts to award nominal damages as equitable relief when complete justice requires." This is not a § 12203 case and the court declines to extend the holding of Bayer to a Title III ADA case.

Pursuant to 42 U.S.C. § 12188(a)(2), defendant is hereby enjoined and directed to alter its website reservations system so that ADA-accessible rooms may be reserved in the same manner as non-ADA-accessible rooms may be reserved. The court declines to require defendant to close its hotel website until the foregoing modifications have been accomplished. Modifications of defendant's website shall be accomplished within 30 days from the entry of this judgment.

Plaintiff's costs in the amount of Four Hundred Dollars ($400.00) are allowed.

With respect to attorney fees, "courts generally apply the lodestar method to determine what constitutes a reasonable attorney fee[.]" Bravo v. City of Santa Maria, 810 F.3d 659, 665–66 (9th Cir. 2016). "Under the lodestar method, the court multiplies a reasonable number of hours by a reasonable hourly rate." Stanger v. China Electric Motor, Inc., 812 F.3d 734, 738 (9th Cir. 2016) (citation omitted).

Counsel for plaintiff has devoted a total of 6.1 hours to this case.[6] The court finds that this was a reasonable amount of time to devote to this case.

---

[5]Section 12203 is in Title IV of the ADA and is the anti-retaliation and coercion provision.

[6]See Declaration of Peter Strojnik [etc.] at 4, ¶ 12, which is appended to Motion for Default Judgment, Docket No. 18-1.

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008). Counsel for plaintiff proposes an hourly rate of Six Hundred Fifty Dollars ($650.00) based upon his skill, experience, and qualifications.[7] "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 980 (citation omitted). Plaintiff submits no evidence to support her contention that $650.00 is a reasonable hourly rate other than the declaration from her attorney. The court has thus relied on the Arizona Bar's 2016 edition of the Economics of Law Practice in Arizona to determine the reasonable hourly rate in this case. This publication shows that the median hourly rate for a lawyer with eleven years of experience, such as plaintiff's attorney, is $279.00, and that the median hourly rate for lawyers representing plaintiffs in litigation matters is $299.00.[8] This publication further shows that the median rate for lawyers in Maricopa County is $282.00.[9] Based on this evidence, the court concludes that a hourly rate of $650.00 for a lawyer with eleven years of experience is unreasonable, but that given counsel's experience with ADA matters, an hourly rate higher than the median rates discussed above is justified. The court finds that an hourly rate of $350.00 is reasonable.

---

[7]Id. at 2-3, ¶ 6.

[8]State Bar of Arizona Economics of Law Practice in Arizona 65 (2016 ed).

[9]Id. at 64.

The lodestar amount is $2,135.00.[10] After the lodestar is calculated, "the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation." Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996). The Kerr factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at n.8.

Kerr factors 1, 2, 3, 8, and 9 are subsumed in the lodestar calculation. Because these types of ADA cases may be considered undesirablodestar amount is warranted in this case. The court concludes that a reasonable amount of attorney fees would be $2,750.00. Attorney fees in the amount of Two Thousand, Seven Hundred Fifty Dollars ($2,750.00) are awarded.

Plaintiff's motion for default judgment is granted.

The clerk of court shall enter judgment as follows. The court declares that defendant is in violation of the Americans with Disabilities Act because its hotel reservations website does not afford disabled persons equal access to defendant's public accommodation. Defendant is enjoined as follows: defendant is hereby enjoined and directed to alter its website reservations system so that ADA-accessible rooms may be

---

[10] 350 x 6.1 = 2,135.00.

reserved in the same manner as non-ADA-accessible rooms.  Modifications of defendant's website shall be accomplished within 30 days from the entry of this judgment.

Judgment for the following sums is awarded:

(1) Costs:  Four Hundred Dollars ($400.00); and

(2) Attorney Fees: Two Thousand, Seven Hundred Fifty Dollars ($2,750.00);

for a total judgment of Three Thousand, One Hundred Fifty Dollars ($3,150.00).

DATED at Anchorage, Alaska, this <u>23rd</u> day of January, 2017.

<u>/s/ H. Russel Holland          </u>
United States District Judge